# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Marquis Robinson, ) | Civil Action No.: 5:21-cv-01226-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Kenneth Nelson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Marquis Robinson filed the instant Petition against Respondent Kenneth Nelson seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.)

This matter is before the court on Respondent's Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. (ECF No. 17.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On January 19, 2022, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Respondent's Motion for Summary Judgment and deny Petitioner's Habeas Petition. (*See* ECF No. 24 at 30.) Petitioner filed Objections to the Report and Recommendation, which are presently before the court. (*See* ECF No. 25.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 24), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 17), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate presently incarcerated at the Broad River Correctional Institution in Columbia, South Carolina. *See SCDC Inmate Search*, https://public.doc.state.sc.us/scdc-public/ (last visited Mar. 30, 2022). On July 25, 2013, a state court jury found Petitioner guilty

1

of armed robbery; criminal conspiracy; kidnapping; possession of a firearm during the commission of a violent crime; and assault and battery in the second degree, a lesser included offense of attempted murder. (ECF No. 16-8 at 140–154.) Thereafter, the trial judge sentenced Petitioner to concurrent sentences of thirty (30) years imprisonment for armed robbery; thirty (30) years imprisonment for kidnapping; five (5) years imprisonment for criminal conspiracy; five (5) years imprisonment for possession of a firearm during the commission of a violent crime; and three (3) years for the assault and battery conviction. (*Id.*)

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals on November 5, 2014. (ECF No. 16-8 at 56.) He challenged the trial judge's refusal "to grant the motion for a mistrial based on the prosecutor's failure to disclose evidence favorable to Appellant and material to his guilt in violation of Appellant's state and federal constitutional rights to due process." (*Id.* at 53.) On October 14, 2015, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.* at 58–9.) The South Carolina Court of Appeals remitted the matter to the lower court on November 4, 2015. (*Id.* at 60.)

On April 13, 2016, Petitioner filed an application for post-conviction relief ("PCR"). (ECF No. 16-8 at 61.) He asserted in his PCR application that he was unlawfully in custody based on (1) "4th, 5th, 6th, 8th, 13th, 14th Amendment and violation of due process"; (2) "Violation and fraud upon the court and subject matter jurisdiction"; and (3) "Ineffective Assistance of Counsel and violation of *Brady* law." (*Id.* at 63.) On January 15, 2018, Petitioner amended his PCR application adding the following allegations:

1. Ineffective Assistance of Counsel as to Twana N. Burris-Alcide, Esquire: a. Failed to call Kayla Higgs as an alibi witness. b. Failed to properly cross-examine Ernest Jordan regarding statements made. Had Mr. Jordan been properly cross examined he would have lost all credibility and the Applicant would have been exonerated at trial.

2

    2. Trial Judge abused discretion when he punished the Applicant for exercising his right to trial by giving Applicant an excessive sentence. *See Castro v. State*, 417 S.C. 77, 789 S.E.2d 44 (2016).

    3. Juror Tamara N. Gary knew trial counsel and failed to disclose that information in voir dire. *See State v.* Woods, 345 S.C. 583, 550 S.E.2d 282 (2001), "[w]here a juror, without justification, fails to disclose a relationship to a party, it may be inferred, nothing to the contrary appearing, that the juror is not impartial."

(ECF No. 16-8 at 74.) The PCR court held an evidentiary hearing on January 28, 2018. (*Id.* at 76.) The PCR judge issued an order of dismissal on April 12, 2018, denying Petitioner's PCR application and dismissing it with prejudice. (*Id.* at 129, 138–39.)

On October 22, 2018, Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court. (ECF No. 16-10 at 1.) In his petition for writ of certiorari, Petitioner raised the issue of whether "trial counsel provide[d] ineffective assistance in derogation of Petitioner's rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution by failing to present an alibi witness from an available witness?" (*Id.* at 3.) The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals on February 27, 2019. (ECF No. 16-12 at 1.) The South Carolina Court of Appeals denied Petitioner's petition for certiorari on November 25, 2020. (ECF No. 16-13 at 1.) The South Carolina Court of Appeals remitted the matter to the lower court on December 15, 2020. (ECF No. 16-14 at 1.)

On April 24, 2021, Petitioner timely[1] filed the instant Habeas Petition challenging his state court conviction. (*See* ECF No. 1.) Specifically, Petitioner states in the Petition that he is entitled to relief based on the following grounds:

1) Petitioner's trial counsel provided ineffective assistance of counsel when she failed to call Kayla Higgs as an alibi witness in violation of his constitutionally protected Sixth Amendment rights.

---

[1] Respondent expressly acknowledges that the Petition is timely. (*See* ECF No. 16 at 14.)

2) The South Carolina Court of Appeals erred when it denied Petitioner's claim that the trial court erred in refusing to grant Petitioner's motion for a mistrial based on the prosecutor's failure to disclose evidence favorable to Petitioner and material to his guilt in violation of Petitioner's state and federal constitutional rights to due process.

3) The evidence in Petitioner's case is insufficient to sustain his conviction (*Jackson v. Virginia*, 443 U.S. 307 (1979)).

(ECF No. 1 at 20, 26, 30.) Respondent filed the pending Motion for Summary Judgment on August 16, 2021. (*See* ECF No. 17.) Petitioner filed his Response to Respondent's Motion for Summary Judgment on August 30, 2021. (*See* ECF No. 19.)

On January 19, 2022, the Magistrate Judge issued the Report and Recommendation at issue concluding that Defendant's Motion for Summary Judgment should be granted, and that Petitioner's Habeas Petition should be denied. (*See* ECF No. 24 at 30.) On February 2, 2022, Petitioner filed Objections to the Report and Recommendation. (*See* ECF No. 25.)

The court considers the merits of Petitioner's Objections to the Report and Recommendation below.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a petition for habeas relief when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    STANDARD OF REVIEW

A.    Report and Recommendation

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight and the responsibility to make a final

determination remains with the court. *See id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed.[2] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *See id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute

---

[2] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

C.     Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

D.     Procedural Default

A petitioner's failure to raise in state court a claim asserted in his § 2254 petition "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*,

6

518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id*. (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012); *Walker v. Martin*, 562 U.S. 307, 315–16 (2011). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford*, 548 U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161–62; *Coleman*, 501 U.S. at 744–51).

## IV.     ANALYSIS

A.     <u>The Report and Recommendation</u>

In the Report, the Magistrate Judge recommends that the court grant Respondent's Motion for Summary Judgment. (*See* ECF No. 24 at 1, 30.) In reaching this decision, the

7

Magistrate Judge initially observed that Petitioner's third ground for habeas relief regarding the sufficiency of evidence supporting his conviction is procedurally barred as not having been preserved for habeas review. (*Id.* at 19–20.) Therefore, the Magistrate Judge did not address Petitioner's third ground for relief. (*Id.* at 20.)

Next, as to Petitioner's first ground claiming that his trial counsel was ineffective for failing to call Kayla Higgs as an alibi witness, the Magistrate Judge found that because the victim saw Petitioner's face, there was "not a reasonable probability that, but for counsel's alleged error [in not calling Higgs], the result of Petitioner's criminal trial would have been different." (*Id.* at 25.) In this regard, the Magistrate Judge observed that the PCR court's legal analysis was objectively reasonable under *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 24 at 25.)

Finally, as to Petitioner's second ground regarding the failure to disclose a computer aided dispatch ("CAD") report in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the Magistrate Judge concluded that Petitioner could not satisfy the third prong of the *Brady* test, that is the withheld evidence "prejudiced the defense at trial." (ECF No. 24 at 28–29 (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999) (To demonstrate a *Brady* violation a petitioner must "convince us that there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense."); *Monroe v. Angelone*, 323 F.3d 286, 299 (4th Cir. 2003)).) Thus, the Magistrate Judge observed that because "there is not a reasonable probability that, had Petitioner received the CAD report prior to the beginning of trial, the result of Petitioner's criminal trial would have been different," a *Brady* violation did not occur. (*Id.* at 29–30.)

Therefore, based on the Magistrate Judge's review of the Petition, Petitioner failed to

8

establish any cognizable claim(s) for habeas corpus relief. Accordingly, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment (ECF No. 17) be granted, and that Petitioner's Petition for Habeas Corpus (ECF No. 1) be denied. (*See* ECF No. 24 at 30.)

B.     Petitioner's Objections to the Report and Recommendation

Petitioner's first objection is that the Magistrate Judge erred in concluding that Petitioner's trial counsel Twana Burris was not constitutionally ineffective when she failed to call Kayla Higgs as an alibi witness. (ECF No. 25 at 1.) Moreover, Petitioner disagrees with the Magistrate Judge's assessment that the evidence in Petitioner's case cured any prejudice from trial counsel's failure to call Higgs and said failure was not error or constituted harmless error. (*Id.*) To this point, Petitioner argues that a "failure to investigate and present alibi witnesses constitutes ineffective assistance of counsel and prejudices a defendant." (*Id.* at 2 (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)).)

Petitioner's second objection is that the Magistrate Judge erred in concluding that the CAD report was not material under *Brady*, because he could have used the CAD report "to mount a defense of self-defense given its inclusion of facts that indicated Petitioner received a stab wound" thereby affecting the outcome of his trial. (ECF No. 25 at 2–3.)

As a result of the aforementioned Objections, Petitioner asserts that the court should reject the Report and Recommendation and grant him habeas relief. (*Id.* at 3.)

C.     The Court's Review

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. The court considers the merit of each of his grounds for relief below.

*1. Ineffective Assistance for Failure to Call Alibi Witness*

For Petitioner to demonstrate that the failure of his trial counsel to call Kayla Higgs as an

9

alibi witness constitutes ineffective assistance of counsel, Petitioner must establish (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). For the deficient performance prong, Petitioner "must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Leyva v. United States*, Criminal Action No.: 1:15-cr-00637-JMC, 2018 WL 2431884, at *2 (D.S.C. May 30, 2018) (citing *Strickland*, 466 U.S. at 690). "To establish *Strickland* prejudice, a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Strickland*, 466 U.S. at 694).

In the Report, the Magistrate Judge provided the following explanation as to why Petitioner did not establish that his trial counsel was ineffective in violation of the *Strickland* standard:

> The undersigned finds that trial counsel did not err in failing to call Ms. Higgs as a witness during Petitioner's criminal trial. The undersigned agrees that this court must give deference to the state court's determination concerning credibility. *Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir. 2013) (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)) (alteration in original) (holding under § 2254 "'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'"); *Id.* ("We have repeatedly emphasized the deferential standard of review, especially of a state court's credibility findings."); *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.'").
>
> Moreover, even if trial counsel had erred in failing to call Ms. Higgs as a witness, the undersigned finds it to be harmless error. As the PCR court found: "The t-shirt which was pulled up over [Petitioner's] face fell down during the robbery, uncovering the face. The victim even smiled when the robbery started as he

> thought [Petitioner] was 'playing.'" App. 1334. In other words, the undersigned finds that there is not a reasonable probability that, but for counsel's alleged error, the result of Petitioner's criminal trial would have been different. Accordingly, the undersigned finds that Petitioner has failed to demonstrate that the PCR court erred in finding his trial counsel was effective under Strickland. The undersigned does not find that the PCR court's legal analysis under Strickland was objectively unreasonable.

(ECF No. 24 at 24–5.)

Upon review, the court observes that Petitioner's objection states a general disagreement with the Magistrate Judge's aforementioned observation, but does not expressly state how said observation is erroneous. Moreover, the court is not persuaded by Petitioner's assertion that a failure to call an alibi witness is per se ineffective assistance of counsel. *See, e.g.*, *Griffin v. Warden, Md. Corr. Adjustment Ctr.*, 970 F.2d 1355, 1358 (4th Cir. 1992) ("An attorney's failure to present available exculpatory evidence is ordinarily deficient, 'unless some cogent tactical or other consideration justified it.'" (quoting *Washington v. Murray*, 952 F.2d 1472, 1476 (4th Cir. 1991)); *Suleitopa v. United States*, Criminal No. ELH-16-00168, 2020 WL 2061554, at *14 (D. Md. Apr. 28, 2020) ("Defense counsel's decision not to call a witness is not per se ineffective, and is subject to the same level of deference for counsel's discretion as other claims of ineffective assistance." (citing *DeCastro v. Branker*, 642 F.3d 442, 452 (4th Cir. 2011)). Therefore, after considering the substance of Petitioner's objection, the court finds that Petitioner's arguments do not satisfy the *Strickland* requirements for ineffective assistance of counsel. The court further agrees with the Magistrate Judge that Petitioner is unable to demonstrate that his trial counsel failed to provide adequate or effective legal assistance in not calling an alibi witness.

### 2. Brady Violation

For the allegedly late non-disclosure of the CAD report to constitute a *Brady* violation, "(1) the evidence must be favorable to the accused; (2) it must have been suppressed by the

11

government, either willfully or inadvertently; and (3) the suppression must have been material, *i.e.*, it must have prejudiced the defense at trial." *Monroe v. Angelone*, 323 F.3d 286, 299–300 (4th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). "Under *Brady*, '[t]he touchstone of materiality is a 'concern that the suppressed evidence might have affected the outcome of the trial.''" *Id.* at 301 (quoting *Spicer v. Roxbury Corr. Inst.*, 194 F.3d 547, 559 (4th Cir. 1999)). "Evidence is material when 'its suppression undermines confidence in the outcome of the trial'-that is when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Kelly*, 35 F.3d 929, 936 (4th Cir. 1994) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

To assess materiality, the court looks at whether an earlier disclosure of the CAD report would have affected the verdicts against Petitioner. The Magistrate Judge found that Petitioner's verdicts would not have changed "[b]ased on the accounts from the victims and other evidence the State offered." (ECF No. 24 at 29.) Moreover, in response to Petitioner's assertion that the CAD report would have created an opportunity to argue self-defense, the trial court effectively encapsulates why that assertion does not establish materiality:

> Five, one of the suspects possibly has a stab wound may have had some value but I do not find that it is to the point of being sufficiently prejudicial. The suspects were not arrested that night. I know it goes to whether or not one of the defendants possibly stabbed one of the suspects, one of the defendants, but I find it hard to believe that the stabbing and would have to be self[-]defense. Two invaders would be exculpatory of any of the crimes for which they are charged. I think that's - I'm not going to say disingenuous because that's not a good word to use particularly against somebody, well anyway, but I don't see how if one of the suspects did have a stab wound, I do not see that that is exculpatory in any way whatsoever.
>
> It may have given some more ammunition for some cross examination as to something, but it's hard for me particularly having viewed the videos where Mr. Smith's client, who is the one who addressed that, throws the defendant around like a rag doll, the victim around like a rag doll. I don't see where that if one of the suspects ended up with a stab wound is exculpatory to any degree whatsoever,
> . . . .

12

(ECF No. 16-7 at 26:7–27:3.) After considering the foregoing in the context of Petitioner's objection, the court is unable to find error in the Magistrate Judge's determination that the late disclosure of the CAD report did not result in a *Brady* violation.

## V.     CONCLUSION

For the reasons set forth above, the court **OVERRULES** Petitioner Marquis Robinson's Objections (ECF No. 25), **GRANTS** Respondent Kenneth Nelson's Motion for Summary Judgment (ECF No. 17), and **DISMISSES WITH PREJUDICE** Petitioner Robinson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 24) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

March 31, 2022
Columbia, South Carolina